IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CHOYCE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY AND COUNTY OF SAN ) <br> FRANCISCO, OFFICER MARTIN, ) <br> OFFICER PINEDA, SERGEANT ) <br> HASKELL, ) <br> ) <br> Defendants. ) | No. C 09-1352 JSW (PR) <br><br> ORDER OF DISMISSAL |

      Plaintiff, incarcerated at the San Francisco County Jail in San Francisco, California, filed this civil rights complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights during his detention there.  On July 16, 2009, this Court ordered service of certain claims raised in the complaint.  In the order of service, the Court reminded Plaintiff of his obligation to inform the Court of any changes of address in a timely fashion and that failure to do so may result in the dismissal of this matter.  (Docket no. 3.)

      The Court sent orders regarding Plaintiff's case to the address at the San Francisco County Jail provided by Plaintiff.  Thereafter, on July 20, 2009, the Court's orders were returned with a notification from the facility that Petitioner was no longer in custody at that institution (docket no. 6).  A subsequent order sent on September 14, 2009 (docket no. 11), was also returned to the Court on September 21, 2009 (docket no. 12), with the notation that the Plaintiff was not in custody.

      A district court may sua sponte dismiss an action for failure to prosecute or to

1

comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).  Pursuant to Northern District Local Rule 3-11 an attorney or party proceeding pro se whose address changes while an action is pending must promptly file and serve upon all opposing parties a notice of change of address specifying the new address.  *See* L.R. 3-11(a).  The court may, without prejudice, dismiss a complaint when: (1) mail directed to the attorney or the pro se party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within 60 days of this return a written communication from the attorney or *pro se* party indicating a current address.  *See* L.R. 3-11(b); *see also Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal with prejudice of pro se prisoner's complaint for failing to notify court of his change of address despite local rule providing that case be dismissed without prejudice because any lesser sanction would impose affirmative obligation for district courts to track down pro se prisoners).

More than 60 days have passed since the initial order was returned from the facility.  Accordingly, Plaintiff's complaint is hereby dismissed without prejudice for his failure to keep the Court apprised of his current address pursuant to Civil Local Rule 3-11(b) and for failure to prosecute this matter pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: October 19, 2009

JEFFREY S. WHITE
United States District Judge

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN C. CHOYCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SF CITY & COUNTY et al,<br><br>　　　　Defendant._____/ | Case Number: CV09-01352 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 19, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin C. Choyce
#2380465
San Francisco County Jail
850 Bryant Street
San Francisco, CA 94103

Dated: October 19, 2009

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk